IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILSON PAIGE, )
)
*Plaintiff,* )
)  No. 02 CV 5127
-vs- )
)  (Judge Gottschall)
CITY OF HARVEY AND )
HARVEY POLICE OFFICER MAGANA, #535, )
)
*Defendant.* )

## AMENDED COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff Wilson Paige is a resident of the Northern District of Illinois.

3. Defendant City of Harvey is an Illinois municipal corporation.

4. Defendant Magana, #535, was at all times relevant a police officer of the City of Harvey, Illinois.

5. On May 3, 2002, defendant Magana arrested plaintiff and caused plaintiff to be held in custody for several hours. At the time he arrested plaintiff, defendant Magana did not have a warrant for plaintiff's arrest and did not have any basis to believe that plaintiff had committed an offense.

6. Defendant Magana used excessive and unreasonable force in making the above referred arrest and caused plaintiff to incur serious personal injuries.



7. After arresting plaintiff, defendant Magana charged plaintiff with a violation of the disorderly conduct ordinance of the City of Harvey.

8. In arresting plaintiff and in causing plaintiff to be charged with a violation of the Harvey disorderly conduct ordinance, defendant Magana acted in accordance with an unconstitutional practice and policy of the City of Harvey that authorizes its police officer to arrest persons who "loiter" or "linger" by refusing to obey a police order to "move on." This practice and policy is unwritten: the City of Harvey does not have a written ordinance that purports to make "loitering" or "lingering" an offense.

9. The actions of defendant Magana and the municipal policy and practice challenged in this case caused plaintiff (and all persons arrested as a result of the challenged policy) to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States and were taken pursuant to an unconstitutional municipal policy and practice.

10. From January 1, 2000 to September 30, 2002, more than 235 persons were arrested by police officers of the City of Harvey pursuant to this unconstitutional municipal practice and policy.

11. Plaintiff brings this action individually and on behalf of the class of all persons arrested by police officers of the City of Harvey from July 19, 2000 to the date of entry of judgment for conduct that is, or has been, viewed as criminal solely because, in the view of the arresting officer as expressed in the arrest report that he (or she) prepared contemporaneously with the arrest, the conduct constituted "loitering" or "lingering."

12. The proposed class satisfies each of the requirements of Rule 23(a).

13. The unwritten municipal policy and practice challenged in this case places unbridled discretion in the hands of each Harvey police officer by authorizing police officers to arrest persons who are engaging in lawful conduct. The following are examples (taken from arrest reports prepared by Harvey police officers) of the lawful conduct which has resulted in an arrest for "loitering" or "lingering" in the City of Harvey:

   a. * * * observed two subjects walking around, sitting on the front steps and idly walking about the area of the property, which was abandoned, without any purpose. Both suspects * * * were arrested for loitering.

   b. * * * observed two subjects walking around, sitting on the front steps and idly walking about the area of the property, which was abandoned, without any purpose. Both suspects * * * were arrested for loitering.

   c. Upon arrival, observed two male black subjects leaving the area. * * * Neither could produce identification nor could give a legal reason for being in the area. [Reporting officer] advised both subjects several times that such lingering was in violation. Both subjects continued to loiter in the area refusing to leave. [Reporting officer] took both into custody * * * charged with [disorderly conduct] loitering

   d. [Reporting officer] advised arrestee several times to remove herself form the area and to go either home or to another location earlier on said date. Arrested [disorderly conduct] loitering.

   e. Told arrestee "not to linger. [Reporting officer] later returned and observed the suspect continuing to linger. [Reporting officer] placed him into custody and read from his rights."

   f. [Reporting officer] observed arrestee * * * sitting in a chair on the sidewalk at 191 W 154th St. [Reporting officer] advised arrestee earlier on said date about the loitering ordinance in the city of Harvey at which time arrestee stated "F*** you police, I will leave now but I will return when you are gone." Upon [reporting officer]

approaching arrestee, for a second time on said date and time, about loitering at said location, arrestee immediately stood up and stated "let's go to jail."

g. [Reporting officer] made two arrests "for disorderly conduct/loitering after being advised to stay away from area (narcotics area). [Reporting officer] had been to same location twice prior to making arrest.

h. [Reporting officer] observed a male subject standing idly at 153rd Street and Loomis Avenue, without any purpose. [Reporting officer] stopped to speak to the subject * * * but then recognized him from admonishing him earlier for loitering in the same place. Suspect arrested for loitering.

i. [Reporting officer] was dispatched to 15338 Lexington. Upon arrival the [reporting officer] observed three suspects loitering on the front porch at that address. * * * The [reporting officer] advised these suspects to leave the property. All three suspects refused, at which time they were placed under arrest. The [reporting officer] advised the suspects of their Miranda rights, and that they were under arrest for loitering. "

j. [Reporting officer] while on patrol observed 2 suspects * * * standing at the corner of 154th and Center Ave. [Reporting officer] notes that the two subjects were advised earlier of their violation of local ordinance." Both arrested for loitering.

k. [Reporting officer] "observed two subjects standing idly in the street in front of 15333 Loomis Ave." Based on the continual narcotics problem," [reporting officer] arrested the suspects for loitering.

l. [Reporting officer], while on patrol in the area of 153rd Lexington observed [3 persons] standing on the corner of the said location after having been advised several times to leave the corner. At which time, [reporting officer] then placed the subjects into custody and transported them to the Harvey Police Department for processing, where they were advised of their Miranda rights and charged with Loitering (09-04-010) and issued a court date.

m. [Reporting officer] detained a male subject, in the alley next to 15334 Seeley, the subject was standing idly for twenty minutes, without obvious business, in this narcotic area. Arrested for loitering.

n.  [Reporting officer] was at 289 W 154th. Observed offender standing with two other subjects on the public parkway at 289 w 154th. [Reporting officer] asked suspect if he lived at that address and suspect replied "no." [Reporting officer] asked suspect what he was doing there and person replied "Chillin." [Reporting officer] instructed suspect to leave the area because he was loitering. [Reporting officer] returned a few minutes later and observed suspect at the same spot. Arrested for loitering.

o.  [Reporting officer] * * * observed 3 suspects lingering aimlessly * * * [Reporting officer] asked them if they have lived there and they said no. [Reporting officer] asked them to move on but they refused and continued to linger. Arrested [disorderly conduct] loitering

p.  [Reporting officer] while on patrol observed two suspects loitering in the area of 15344 Lexington Ave (Abundance Baptist Church). [Reporting officer] had warned both suspects several times that such loitering was unlawful. [Reporting officer] lawfully ordered both subjects to disperse from several locations on the 153rd Block of Lexington Avenue, beginning at 0200 hours. [Reporting officer] placed both subjects into custody. Charged with [disorderly conduct], loitering.

q.  [Reporting officer] "observed the subject standing in front of the business * * * [Reporting officer] advised the subject numerous time to leave the area and also showed the subject the "no loitering" sign that is posted on the building. The subject refused to leave after [reporting officer] returned to the said business after two hours. The subject stated "I'm homeless." [Reporting officer] then placed the subject into custody, charged with loitering.

r.  While on patrol in the area of 148th and Vail, [reporting officer] observed the subject *** still standing in front of 148th and Vail which [reporting officer] advised the O/P numerous times to leave the high drug area. The O/P refused at which time, [reporting officer] placed the O/P into custody for loitering.

s.  [Reporting officer] was at 15701 Lathrop when observing suspects (4) standing on the front lawn of the abandoned said residence. The subjected were advised to move on/away from the said location on several occasions on this date and days prior but they continued to linger aimlessly on the front lawn of the said location. Arrested loitering.

t. [Reporting officer] observed two subjects * * * standing on the sidewalk in front of 14906 Hoyne loitering. The two subjects were advised to leave earlier by [reporting officer]. Neither subject resides at that location. [Reporting officer] then took both subjects into custody for loitering.

u. [Reporting officer] observed three subjects *** standing in the street in front of 15330 Loomis, loitering. [Reporting officer] had asked the subjects to leave the area earlier. [Reporting officer] took all three subjects into custody for loitering.

v. [Reporting officer], while on patrol in the area of 15218 Page (a well known drug area) Harvey Ill. [Reporting officer] observed the subject * * * standing in front of the said location, where there was a posted sign at which time [reporting officer] discovered that the subject did not live there and [reporting officer] then placed the subject into custody and transported the subject to the Harvey Police Department for Processing, where the subject was advised of his Miranda rights and charged with loitering.

w. [Reporting officer] observed three male black subjects (who had been previously warned about loitering) standing in the street in front of 15137 Lexington. [Reporting officer] at that time, stopped and took all three subjects *** into custody for loitering and transported them to Harvey P.D. for processing.

x. [Reporting officer] observed subject * * * standing on the front lawn at 15218 Page loitering. The subject does not live at that location. The subject was then taken into custody for loitering (signs were posted) and transported to Harvey PD for processing. Charged loitering.

14. Class certification to prohibit continuation of the policy and practice challenged in this case is appropriate under Rule 23(b)(2) because the policy and practice is applied to persons who have not engaged in any wrongdoing, and places the liberty of every man (and woman) within the City of Harvey in the hands of every petty officer.

15. Class certification to secure damages for each member of the class is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

16. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff prays that the Court order that this case may be maintained as a class action under Rules 23(b)(2) and 23(b)(3), that a permanent injunction issue prohibiting the continuation of the policy challenged in this case, that appropriate damages be awarded to plaintiff and to each member of the Rule 23(b)(3) class, and that the Court grant whatsoever other relief, including an award of fees and costs, as may be appropriate.

KENNETH N. FLAXMAN
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604
(312) 427-3200
*attorney for plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served on Mary Cryar, Esq. , Johnson & Bell, 55 E Monroe St, Chicago, IL 60603-5896, by telefax, with confirmatory copy by class mail, postage prepaid, this 2nd day of September, 2003.

_____
KENNETH N. FLAXMAN
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604

(312) 427-3200

*attorney for plaintiff*