Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5127 | **DATE** | 9/22/2004 |
| **CASE TITLE** | Wilson Paige vs. City of Harvey, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]



**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing is set for 10/13/04 at 9:30AM.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER ORDER.  Plaintiff's motion for class certification [29-1] is GRANTED, with a class definition as indicated in the attached order.  Defendants' motion to dismiss [28-1] is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | SEP 27 2004 | |
| | Notified counsel by telephone. | | | date docketed | 47 |
| X | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| RJ/MJ | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

SEP 2 7 2004

WILSON PAIGE,                          )
                                       )
                Plaintiff,             )
                                       )      Case No. 02 C 5127
        v.                             )
                                       )      Honorable Joan B. Gottschall
CITY OF HARVEY and HARVEY              )
POLICE OFFICER MAGANA, #535,           )
                                       )
                Defendants.            )

## ORDER

Before the court is Plaintiff Wilson Paige's motion to certify the case as a class action.

Paige alleges that the City of Harvey falsely arrested himself and others for loitering. He alleges

that the City of Harvey has an unconstitutional policy or practice authorizing police to arrest

people for loitering even though Harvey does not have a loitering ordinance. Plaintiff defines his

class as follows:

> All persons arrested by police officers of the City of Harvey from July 19, 2000 to
> the date of entry of judgment for conduct that is, or has been, viewed as criminal
> solely because, in the view of the arresting officer as expressed in the arrest report
> that he (or she) prepared contemporaneously with the arrest, the conduct constituted
> "loitering" or "lingering."

Plaintiff's Motion to Certify Case as a Class Action, at 1. The Plaintiff bears the burden to show

that a class should be certified. The City[1] raises four defenses to class certification, challenging

the Rule 23(a) requirements of numerosity, typicality, and representativeness, and plaintiffs'

---

[1]All references to "the City" refer to both defendants in this action, as their opposition is
joint.

assertion that Rule 23(b)(2) and (b)(3) are met in this case. After considering the parties' arguments, this court finds that Paige has met the requirements of Rule 23 to maintain a class action.

## I. Numerosity

The first prerequisite to bring a class action is that the proposed class must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Paige alleges that at least 235 members belong to the proposed class, but the City counters that only 30 members both meet Paige's class definition and have viable claims under 26 U.S.C. § 1983. The City first contends that a person who was convicted of a offense charged at the time of arrest cannot maintain a false arrest claim because that would imply the invalidity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994). But the City's claim here is too broad, for while a claim of false arrest can imply the invalidity of a conviction, generally it does not. *See Gauger v. Hendle*, 349 F.3d 354, 360-61 (7th Cir. 2003). A false arrest claim is *Heck*-barred when evidence that led to the arrest or is the fruit of the arrest is essential to a subsequent criminal conviction. *See Gauger*, 349 F.3d at 361-62. The record currently does not allow the court to determine which of the 99 persons identified by the City would have *Heck*-barred claims, but given the nature of a disorderly conduct arrest, it seems likely that most of the 99 will have *Heck*-barred claims. So for purposes of determining whether the class is sufficiently numerous these people will be excluded. If the plaintiff, however, can show that some of these persons have valid § 1983 claims, they can be added to the class.

The City next contends that 76 potential class members do not meet the class definition because they were arrested under statutory authority, namely City of Harvey ordinance 9-04-

2

010(A)(4), which criminalizes failure "to obey a lawful order of dispersal by a person known by him to be a peace officer under circumstances where three or more persons are committing acts of disorderly conduct in the vicinity, which acts are likely to cause substantial harm or serious inconvenience, annoyance or alarm." The reports attached to the city's response show that in each case, the officer ordered the arrestees to disperse, but only in a few cases is there any indication that the arresting officer believed that the arrestees were engaged in disorderly activity as described in the Harvey ordinance. Rather, the officers appeared to act on the belief that loitering is an offense, even though that conduct does not appear to be covered under Harvey's disorderly conduct ordinance. One of the arrest reports attached to the defendants' opposition suggests that the police in Harvey may be aware of the ordinance's failure to include loitering, describing the offense in question as "*quasi* [disorderly conduct]/loitering." *See* Defendant City of Harvey's Opposition to the Motion for Class Certification, Exhibit I (Report no. 8432D-02). These people have colorable claims and therefore are included in the class.

The City next argues that 26 of the potential class members were arrested while trespassing on private property, which is an offense in Harvey. *See* Harvey ordinance 9-04-210. While these people were not arrested under Harvey's trespassing statute, probable cause to arrest can be found on the basis of a charge closely related to the one actually charged. *See United States v. Reed*, 349 F.3d 457, 462-63 (7th Cir. 2003). Probable cause for arrest may be based on a closely related charge when the charge can be reasonably based on the same set of facts that led to the arrest, and when the charge is one that a reasonable officer would have recognized when acting in good faith. *See Reed*, 349 F.3d 457, 462-63 (7th Cir. 2003); *Williams v. Jaglowski*, 269 F.3d 778, 783 (7th Cir. 2001). The police reports attached to the Defendants' brief show that the

3

police officers had knowledge that the arrestees were trespassing on private property at the time of their arrest. Moreover, trespassing is an offense that would be well-known to a reasonable police officer. Therefore, the 26 people identified by the Defendants as having been arrested while trespassing cannot maintain a suit challenging their arrests, and are excluded from the class.

Finally the City identifies 18 potential class members who can be validly excluded from the class. Four were, according to the police reports, engaged in a breach of the peace at the time of their arrest and therefore were validly arrested under the disorderly conduct statute. Fourteen were arrested for other offenses or were found to have outstanding warrants.

This leaves a total of 92 potential class members. In determining whether joinder is impracticable, the court looks to factors such as judicial economy, geographic diversity of the plaintiffs, and the ability of individual plaintiffs to sue on their own. *See Arenson v. Whitehall Convalescent and Nursing Home*, 164 F.R.D. 659, 663 (N.D.Ill. 1996). Judicial economy is well served by having these cases joined in a single class action; 92 separate cases would unduly burden this court. Moreover, individual false arrest claims such as these may not be sufficiently large to justify the costs of litigation proceeding alone. Therefore, the class is sufficiently numerous to make joinder impracticable.

## II. Commonality

The second prerequisite to maintain a class action is that there are "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). This requires Plaintiffs to establish at least one issue common to the proposed class. *Honorable v. Easy Life Real Estate System, Inc.*, 182 F.R.D. 553, 559 (N.D.Ill. 1998). An issue is common when it stems from a common nucleus of

  
operative fact. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). In this case, each of the

potential class members was arrested for the same reason, loitering or lingering. The issue of

whether that conduct is an offense under the Harvey statutes is the same for all class members,

and whether Harvey had an unconstitutional policy to arrest people without probable cause is

also a common issue to all class members. Therefore, Plaintiff meets the requirement of

commonality.

## III. Typicality/Representative

The third prerequisite to maintain a class action is that claims and defenses of the class

representative must be typical of the claims of all class members, while the fourth is that the class

representative will "fairly and adequately protect the interests of the class. *See* Fed.R.Civ.P.

23(a)(3-4). These requirements bleed together; an atypical representative is not one who would

be likely to fairly represent his class. *Robinson v. Sheriff of Cook Cty.*, 167 F.3d 1155 (7th Cir.

1999). Further, a class representative whose claim is weak would not have an incentive to

represent the class well. *Id.* The City argues that Paige is an improper representative because he

was arrested in the presence of a known prostitute. This argument is based on testimony from

the arresting officer that he knew the woman Paige was arrested with was a "known prostitute" in

Harvey, and that he had "original suspicions" that Paige was soliciting her. But while a

reasonable suspicion of criminal activity is sufficient to support a *Terry* stop, it is not sufficient

to support an arrest. *See United States v. Brown*, 366 F.3d 456, 458 (7th Cir. 2004). To this end,

it is highly telling that the arresting officer did not mention prostitution, solicitation or any

violation of Harvey's prostitution ordinance in his contemporaneous arrest report. Paige's arrest

report is entirely typical of that of the other potential class members. Paige, therefore, has the

same claim as that of the other class members. No other reason to doubt the ability of Paige to represent the class is apparent, and thus the third and fourth prerequisites have been satisfied.

## IV. Rule 23(b)

Finally, in order to obtain class certification, plaintiff must demonstrate one of the factors listed in Rule 23(b). Plaintiff asserts that both Rule 23(b)(2) and (b)(3) are satisfied in this case. Rule 23(b)(2) requires the defendant to have acted "on grounds generally applicable to the class, thereby making appropriate final injunctive relief. . . ." While this rule was intended for use in civil rights cases, Rule 23(b)(2) may be used to certify a class only when injunctive or declaratory relief is the predominant relief sought. *See Lemon v. International Union of Operating Eng'rs.* 216 F.3d 577, 580-81 (7th Cir. 2000); *Jefferson v. Ingersoll International, Inc.*, 195 F.3d 894, 898 (7th Cir. 1999). Monetary relief is acceptable only if it is "incidental," meaning that damages are to the class as a whole rather than dependent on the "intangible, subjective differences of each class member's circumstances." *Lemon*, 216 F.3d at 581 (quoting *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998)). The complaint in this case asks for individual damages in its prayer for relief, rather than for class damages. And while, in the event of a liability finding, plaintiffs would share a common constitutional injury, the extent of that injury would not necessarily be common, and individual damage hearings would be required. But individual damage hearings are inconsistent with an "incidental" monetary claim. *See id.* Therefore, plaintiff cannot obtain certification under Rule 23(b)(2).

Rule 23(b)(3) requires common issues of law and fact to "predominate over any questions affecting only individual members," and further requires a finding "that a class action is superior to the other available methods for the fair and efficient adjudication of the controversy."

Fed.R.Civ.P. 23(b)(3). Plaintiff asserts that the class issues of whether the City has a policy of arresting persons for loitering, and whether such arrests amount to a Fourth Amendment violation, predominate over any individual variations among class members. The City counters that because the absence of probable cause is required to succeed in a false arrest claim, and because probable cause is a fact-specific inquiry, individual issues predominate. While probable cause is indeed a fact-specific inquiry, the arrests of the class members, judging from the reports, are far more alike than different. The general pattern is that the officer observes a person (or persons) lingering, tells the person to move along, and then later arrests the person for lingering or loitering under authority of the City of Harvey disorderly conduct ordinance. Loitering is a simple offense, and so the amount of factual variety that will be possible in this case is relatively narrow. If Plaintiff can prove that the City of Harvey has a policy to arrest people for loitering in the absence of statutory authority, then all of the arrests for loitering would be invalid despite any factual differences in how the persons were observed loitering. And while class members may have differing individual damages, they are not likely to be so different or burdensome as to predominate over the issues common to the class. *See, e.g.*, *De La Fuente v. Stokley–Van Camp, Inc.*, 713 F.2d 225, 233 (7th Cir. 1983); *Williams v. Brown*, 214 F.R.D. 484, 485-86 (N.D.Ill. 2003). In short, a class action is not likely to be difficult to manage in this case.

In terms of the other factors specifically listed in Rule 23(b)(3), this court finds that individual claimants do not have a significant interest in controlling the prosecution of separate actions, first because the damages suffered by individual claimants are unlikely to be great, and second, because an injunction is a common remedy for all. Further, this court is not aware of any other litigation concerning loitering arrests in the City of Harvey, and no forum is inherently

7

preferable to this one considering that all of the arrests took place in this district. Therefore, this court finds that Plaintiffs have established that common issues of law and fact predominate and that a class action is an appropriate vehicle for this case.

## V. Defendant's Motion to Dismiss

The City has moved to dismiss Plaintiff's claims for injunctive relief. The City argues that *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) and *Robinson v. City of Chicago*, 868 F.2d 959 (7th Cir. 1989) foreclose the possibility of injunctive relief in this case. Those cases hold that past exposure to illegal conduct by police does not confer standing to seek an injunction. *See, e.g., Lyons*, 461 U.S. at 102. Instead, plaintiffs must establish a "real or immediate threat that they will be wronged again." *Robinson*, 868 F.2d at 967. Assuming that plaintiffs were law-abiding in the future, these courts found that the risk that one would end up in a chokehold during an arrest, or that one would be subject to illegal detention after an arrest, were too speculative to provide standing. *Lyons*, 461 U.S. at 105-06; *Robinson*, 868 F.2d at 966. But the Supreme Court stated that injunctive standing would have been present in *Lyons* if that plaintiff had been able to show that the City "ordered or authorized police officers" to engage in unconstitutional behavior. *Lyons*, 461 U.S. at 106. That is precisely plaintiff's claim in this case: that the City of Harvey had an unconstitutional policy to arrest persons for loitering. Therefore *Lyons* does not bar this case. Further, unlike in *Robinson*, which involved post-arrest police conduct, this case involves an allegation that police in Harvey without probable cause arrest persons who are not engaging in illegal activity. Anyone standing in place outside in the City of Harvey is subject to arrest. No assumption need be made that Paige or any class member will engage in illegal activity in order to encounter the allegedly illegal police conduct again, and

8

the numerous arrests for lingering and loitering reflected in the record show that police in Harvey often make arrests for that reason.  Therefore, the Defendants' motion to dismiss is denied.

## VI.  Conclusion

Plaintiff's motion to certify the case as a class action is granted.  The class shall consist of all persons arrested by police officers of Harvey arrested after July 19, 2000, for conduct viewed as criminal solely because in the view of the arresting officer as expressed in a contemporaneous arrest report, it constituted loitering or lingering, provided that the arrestee was not subsequently convicted of an offense due to that conduct, was not subject to an outstanding warrant, and was not committing another offense for which he could have been arrested.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: September 22, 2004

9