IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILSON PAIGE, ) | |
|       *Plaintiff*, ) | |
| ) | |
| -vs- ) | No. 02 CV 5127 |
| ) | |
| CITY OF HARVEY et al. ) | *(Judge Gottschall)* |
| ) | |
|       *Defendants*. ) | |

## CLASS SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by all parties to this action through their respective undersigned counsel to resolve all matters at issue in this action.

## RECITALS

1. **Nature of Litigation.** Plaintiff filed the above captioned action, for himself and all others similarly situated, in the United States District Court for the Northern District of Illinois, alleging violations of his Fourth Amendment rights under the U.S. Constitution pursuant to 42 U.S.C. § 1983, resulting from an arrest for loitering pursuant to an alleged policy and practice of the City of Harvey, Illinois.

2. **Class Certification.** Pursuant to the Court's order of September 22, 2004, this case is proceeding as a class action for the following:

> All persons arrested by police officers of Harvey after July 19, 2000 for conduct viewed as criminal solely because, in the view of the arresting officer as expressed in a contemporaneous arrest report,

it constituted loitering or lingering, provided that the arrestee was not subsequently convicted of an offense due to that conduct, was not subject to an outstanding warrant, and was not committing another offense for which he could have been arrested.

3. **Important Rulings.** On October 31, 2005, the United States Court of Appeals for the Seventh Circuit denied the City of Harvey's petition for permission to appeal.

4. **Settlement Conference.** The parties participated in several Settlement Conferences with the Honorable Sidney Schenkier, United States Magistrate Judge of the United States District Court for the Northern District of Illinois. With Magistrate Judge Schenkier's participation, the parties have agreed to a resolution of their disputes in this action. The class members desire to settle their claims against Defendant, having taken into account through their counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement, and the likelihood that the litigation will be further protracted and expensive. Class Counsel has investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits that this Settlement Agreement affords the class, Class Counsel considers it to be in the best interest of the class to enter into this Settlement Agreement.

5. **No Admission of Liability.** Defendants deny liability to Plaintiffs and the class for the claims alleged, but consider it desirable to settle the action and the claims alleged therein upon the terms and conditions set forth in this Settlement Agreement, in order to avoid further expense and burdensome,

2

protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiff or the class members against Defendant.

In consideration of the foregoing, Plaintiffs, Class Counsel and Defendants stipulate and agree that the claims of the named Plaintiff and the class against Defendants should be and are hereby compromised and settled, subject to the approval of the court, upon the following terms and conditions.

## TERMS AND CONDITIONS

6. **Relief to the Class.** To resolve all claims at issue in this case, including but not limited to claims for compensatory damages, the parties have agreed that, as part of the consideration for this Agreement, including the releases contained herein, Defendants will pay a total amount of $90,000 (Ninety Thousand Dollars) ("Settlement Fund") in full settlement of all claims by all members of the class, exclusive of fees and costs. With respect to all claims asserted on behalf of the class, plaintiffs have agreed to waive their right to individual damage trials.

7. **Incentive Payment.** The named plaintiff will receive, subject to the approval of the court, an incentive award of $15,000 to be paid from the Settlement Fund. Defendants agree not to oppose Plaintiffs' petition for such incentive award. Such award shall be in lieu of, and not in addition to, any other award to which the named plaintiff may be entitled under this settlement.

8. **Administration, Attorneys' Fees and Expenses.** The cost of administration of the settlement, attorneys' fees and expenses will be paid by defendant City of Harvey, separate from the Settlement Fund, in 24 (twenty-four) equal monthly installments, starting the first day of the month following the Court's approval of this Settlement Agreement. The total amount that defendant will pay for administration of the settlement, attorneys' fees and expenses will be $195,000 (one hundred and ninety-five thousand dollars).

9. **Payments to Class Members.** The parties, while recognizing that each class member has a distinct claim for damages, agree that the expense, uncertainty, and delay of providing each class member with an individual determination of damages outweighs the benefits of distribution on a per capita basis. Accordingly, the parties have agreed that the sum of $75,000 (seventy-five thousand dollars) in the aggregate will be distributed to the class members who have not excluded themselves, and who timely return a claim form. Each class member who submits a timely claim form will receive a payment from the balance of the Settlement Fund based upon the procedures described below. The amount that each unnamed member of the plaintiff class will receive cannot be computed until there has been a final determination of the number of class members who timely return a claim form; based on experience in other, similar cases, Class Counsel estimates that each class member will receive an award greater than four hundred dollars ($400) and less than eight hundred dollars ($800).

4

10. **Notice and Claims Procedures.**

a. On or before December 15, 2006, Class Counsel shall send notice of the proposed settlement, information about the date and time of the fairness hearing, and notice of a right to opt-out (for those members who have not previously received such opportunity) by first class mail to the last ascertainable address of each member of the class. The notice shall advise class members who have any objection to the proposed settlement must be made in writing and received by Class Counsel on or before March 30, 2007. As used herein, "ascertainable" means the last known address as enhanced by the United States Postal Service change of address database. For any notice which is returned as undeliverable, Class Counsel shall make reasonable efforts to locate the class member using standard address correction procedures.

b. The notice of the proposed settlement will be accompanied by a claim form that includes the release described below. Class members will be required to return the executed forms to Class Counsel on or before April 30, 2007.

c. On or before April 16, 2007, defendants shall transfer the sum of ninety thousand dollars ($90,000) (the total amount of the settlement to be paid to the named plaintiff and to the plaintiff class) to an IOLTA client trust fund account maintained by Class Counsel within the State of Illinois.

d. On the 31st day following entry of the order approving the

settlement, or if there is an appeal, on the day that the Court's order approving the settlement reaches a final adjudication, payments will be made to each class member who has timely returned the claim form. A claim form shall be deemed timely if it is received by Class Counsel on or before April 30, 2007.

11. **Release.** Plaintiff and each member of the class will grant Defendants the following release:

> Plaintiffs and each class member do hereby covenant not to sue and to release and forever discharge the Defendants, and their officers, directors, partners, members, principals, insurers, insureds, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, and assigns ("Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, for anything that occurred from the beginning of time up through and including the date the Court gives final approval to this settlement agreement, in law or in equity, known or unknown at this time, arising out of any and all of the factual allegations made in the above-captioned action, under any legal theory. This release is conditioned on the final approval of the Settlement Agreement by the Court and Defendant meeting its obligations therein.

12. **Enforcement and Reservation of Jurisdiction.** The parties agree that the Court will reserve jurisdiction to enforce the provisions of this agreement and that the Court may, for good cause, adjust and reset the dates set out in paragraph 10 above.

Agreed to, this 22nd day of November, 2006.

_____
Kenneth N. Flaxman
200 South Michigan Avenue, Ste 1240
Chicago, IL 60604
(312) 427-3200

*Attorney for the Plaintiff Class*

_____
Eydie R. Glassman
Johnson & Bell, Ltd.
33 W. Monroe St., Ste 2700
Chicago, Illinois 60603
(312) 984-0271

*Attorneys for the Defendants*